1

2

3

4

5 UNITED STATES DISTRICT COURT

6 DISTRICT OF NEVADA

7 * * *

8 SIGHTLINE PAYMENTS, LLC, )
a Nevada Company, )
9 ) 2:10-CV-00397-PMP-PAL
)
10 Plaintiff, )
)
11 vs. ) **ORDER**
)
12 GLOBAL CASH ACCESS )
HOLDINGS, INC., a Corporation, )
13 and GLOBAL CASH ACCESS, )
INC., a Delaware Corporation, )
14 )
)
15 Defendants. )
)
16

17     Presently before the Court is Defendants Global Cash Access Holdings,

18 Inc., and Global Cash Access, Inc., (collectively "GCA") Motion to Dismiss

19 Plaintiff's Complaint (Doc. #9), filed on April 13, 2010.  Plaintiff Sightline

20 Payments, LLC, ("Sightline") filed an Opposition (Doc. #11) on April 28, 2010.

21 GCA filed a Reply (Doc. #14) on May 10, 2010.  Also before the Court is Sightline's

22 Motion to Supplement Complaint (Doc. #16) and GCA's Motion to Seal Complaint

23 (Doc. #17).  The Court conducted a hearing regarding the foregoing motions on June

24 24, 2010.

25 ///

26 ///

**I. BACKGROUND**

1

2      Sightline is a Nevada Company entering the business of providing cash

3  access products and related services to the gaming industry in the Untied States,

4  including the State of Nevada.  GCA is currently the leading provider of cash access

5  products and related services to the gaming industry in the Untied States, Canada and

6  the Carribean.  GCA's products and services enable gaming establishment patrons to

7  access  cash through a variety of methods.  Additionally, GCA provides products and

8  services and decision making regarding credit, cashier operations and patron

9  marketing activities for more than 1,100 gaming establishments worldwide.

10 Sightline alleges that GCA has acquired a monopoly of providing cash access

11 products, casino patron credit reporting, and cashless gaming and redemption

12 machines to gaming establishments, at least in gaming markets in the State of

13 Nevada.  Sightline specifically alleges that through a series of acquisitions,

14 restrictive agreements, patent abuse, and disparagement, GCA has effectively

15 prevented Sightline from competing in the gaming market in the State of Nevada.

16 As a result, Sightline brings claims for damages and injunctive relief against GCA

17 for violation of Section 1of the Sherman Act, 15 U.S.C.A., Section 1 (First Claim for

18 Relief), Section 2 of the Sherman Act, 15 U.S.C.A., Section 2 (Second Claim for

19 Relief) and Section 7 of the Clayton Act, 15 U.S.C.A., Section 18 (Third Claim for

20 Relief)

21      GCA moves to dismiss Sightline's Complaint on the ground that Sightline

22 has failed to establish it has suffered antitrust damages, has not alleged a relevant

23 market, nor any contracts, combinations or conspiracies in restraint of trade to

24 support a claim in violation of § 1 of the Sherman Act, and further has failed to

25 allege that GCA maintained an illegal monopoly in violation of § 2of the Sherman

26 Act.

## II.  DISCUSSION

An antitrust Plaintiff "must allege more than that the Defendants wrongful behavior directly damaged its business - - it must also allege that the accused behavior stifled competition."  <u>Brown Shoe Co. V. United States</u>, 370 U.S. 294, 344 (1962).  Because Sightline's conclusionary allegations are not supported by sufficient facts establishing a plausible entitlement to relief, the Court will grant GCA's motion to dismiss.

### A.  Acquisitions

Sightline alleges that by controlling up to 90% of the market after acquiring two other providers of cash access products and services to the gaming industry, GCA has acquired an illegal monopoly.   GCA responds that even assuming it controls a 90% of the market share, Sightline fails to allege that GCA charges monopoly prices or that GCA has done anything more than lawfully grow its business.  The Court finds merely alleging that GCA has acquired a 90% market share, without more, is insufficient to support Sightline's claims.

### B.  Patent Infringement

Sightline alleges GCA purchased U.S. Patent Number 6,081,792 to further restrict competition from offering certain services on ATM machines specific to the gaming industry.  Sightline has not, however, alleged increased prices or exclusion of competitors, nor does it allege any barrier to entry that has blocked Sightline or other entities from competing with GCA.  Additionally, Sightline has not alleged facts suggesting that GCA prosecuted any patent infringement suit in bad faith. Sightline's allegations are insufficient to support it's antitrust claims.

///

///

1

### C.  Exclusionary Agreements

2       An agreement between a manufacturer and a distributor to establish an

3 exclusive distributorship does not, standing alone, violate antitrust law unless the

4 Agreement is intended to, or actually does harm competition in the relevant market.

5 <u>Rutman Wine Co. V. E.&J. Gallo Winery</u>, 829 F.2d 729, 735 (9th Cir. 1987).  The

6 Court finds Sightline's allegations that GCA has made agreements of between 18 and

7 24 months in duration for exclusive rights to provide cash access products and

8 related services at particular gaming establishments is insufficient to support

9 Sightline's antitrust claims.

10

11

### D.  Disparagement

12       Sightline alleges that GCA disparaged it by agreeing to dissociate itself

13 from Kirk Sanford pursuant to a "Settlement Agreement and  Release" with the State

14 of Arizona as part of GCA's renewal of its gaming certificate in that state.  Sightline

15 alleges that GCA voluntarily agreed to dissociate itself from Stanford to tarnish

16 Stanford's reputation and character,  and to restrict Sightline's ability to seek the

17 necessary gaming certificates or licenses in the gaming industry to enable it to

18 compete against GCA.

19       False or misleading statements directed at a single competitor must have a

20 "significant and enduring adverse impact competition itself in the relevant markets to

21 rise to the level of antitrust violation."  <u>American Professional Testing Service, Inc.,</u>

22 <u>v. Harcourt Brace Jovanovich Legal and Publication Inc.</u>, 108 F.3d 1147, 1152, (9th

23 Cir. 1997).   To prove that disparagement rises to the level of antitrust violation a

24 Plaintiff must show those disparaging representations are clearly false. <u>id</u>.  Sightline

25 makes no such allegation in its Complaint.

26

In sum, neither the allegations set forth in Plaintiff's Complaint, nor the arguments set forth in Sightline's Motion to Supplement Complaint (Doc. #16) are sufficient to establish a plausible entitlement to relief.

**IT IS THEREFORE ORDERED that** Defendant GCA's Motion to Dismiss (Doc. #9) is **GRANTED**.

**IT IS FURTHER ORDERED that** Plaintiff Sightline's Motion to Supplement Complaint (Doc. #16) is **DENIED**.

**IT IS FURTHER ORDERED that** Defendant GCA's Motion to seal Complaint (Doc. #17) is **DENIED**.

DATED:  August 9, 2010.

PHILIP M. PRO
United States District Judge